UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Olisseo J. Phelps,                                Case No.  3:14-cv-01538

            Plaintiff

       v.                                         MEMORANDUM OPINION
                                                      AND ORDER

Ohio Department of
Rehabilitation and Corrections, et al.,

            Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Olisseo J. Phelps filed this action under 42 U.S.C. § 1983 against the Ohio

Department of Rehabilitation and Correction ("ODRC"), Chillicothe Correctional Institution Nurse

Conley, and Chillicothe Correction Institution Corrections Officer Williams.  In the Complaint,

Plaintiff alleges the Defendants did not recognize the seriousness of his medical condition, and did

not take precautions to prevent him from falling.  He seeks compensatory and punitive damages.

Plaintiff alleges that on January 9, 2013, he was in the segregation unit of the Chillicothe

Correctional Institution.  He states he began to experience severe stomach pains and dizziness and

requested to see a physician.  He was escorted to the medical department in handcuffs and shackles

by Officer Harrold.  When he arrived in the medical department, his condition was assessed by

Nurse Conley who collected his vital signs.  Although Plaintiff had been previously diagnosed with

diabetes and high blood pressure, Nurse Conley indicated to Plaintiff that she believed he was faking symptoms.  Conley instructed Officer Williams to remove Plaintiff's handcuffs, but not his shackles, and escort him to a restroom so that Plaintiff could provide a urine sample.  In the restroom, Plaintiff began to feel very dizzy.  He tripped over his shackles and fell onto a steam heater.  The valve stem from the heater impaled Plaintiff's arm and became lodged.  While the Officer was trying to remove Plaintiff's arm from the heater, Plaintiff sustained burns from the steam heat.  Plaintiff contends the ODRC's policy requires corrections officers to hold onto any prisoner in shackles, and given his medical complaints of dizziness, Williams should have known to support Plaintiff at all times.

Plaintiff was taken to the Ohio State Medical Center for treatment of his arm.  While he was there, a doctor noticed Plaintiff's vital signs were not normal.  Plaintiff indicated his symptoms had not abated.  The doctors ordered additional tests and discovered Plaintiff was bleeding internally into his abdomen.  He received a blood transfusion.  Plaintiff contends that if he had not fallen during his urine test and sustained injuries requiring outside treatment, Nurse Conley would have sent him back to his cell in segregation where his serious medical condition would not have been diagnosed or treated.  He contends the ODRC and the Chillicothe Correctional Institution have a long history of providing inadequate and negligent medical treatment to inmates.  He asserts his constitutional and human rights have been violated.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.

1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, this Court is not the proper venue for this case.  A civil action may, except as otherwise provided by law, be brought only in (1) a judicial district where any Defendant resides, if all of the Defendants reside in the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which the action may otherwise be brought as provided above, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).  A review of the Complaint indicates that the events in question took place in the Chillicothe Correctional Institution in Ross County, Ohio.  All of the Defendants except the ODRC work at the Chillicothe Correctional Institution.  Ross County is located in the Southern District of Ohio.  The ODRC

is located in Columbus, Ohio.  Columbus is also in the Southern District of Ohio.
Accordingly, the Northern District of Ohio is not the proper venue to assert these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed
unless it is "in the interest of justice" that it be transferred to a district or division in which it
could have been brought.  For the reasons stated below, the Court finds that it would not be in
the interest of justice to transfer this matter, and this action is therefore dismissed.

First, the ODRC and Conley and Williams when sued in their official capacities are
immune from claims for monetary damages.  The Eleventh Amendment provides the states
with immunity from suits in law or equity in federal court unless the state has consented to
such a suit or its immunity has been properly abrogated by Congress. *See, e.g., Seminole Tribe of
Fla. v. Florida*, 517 U.S. 44 (1996).  In addition to the states themselves, Eleventh Amendment
immunity also extends to departments and agencies of states, and to state officials sued in their
official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The
Eleventh Amendment is an absolute bar to the imposition of liability upon states, state
agencies, and state officials sued in their official capacities.  *Latham v. Office of Atty. Gen. of State
of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

In addition, Plaintiff does not specify a particular legal cause of action he intends to
assert against the Defendants.  He states only that they violated his constitutional and human
rights.  Based on the allegations in the Complaint, it is possible Plaintiff may be attempting to
assert claims against Conley and Williams for violation of his Eighth Amendment rights.

The Eighth Amendment imposes a constitutional limitation on the power of the states
to punish those convicted of crimes. Punishment may not be "barbarous" nor may it
contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346
(1981).  In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court remarked that "having

stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Id.* at  833.  The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999).  In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good

faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence. *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

In this case, there are three possible claims Plaintiff may be attempting to assert.  First, he may be claiming that Nurse Conley was deliberately indifferent to his serious medical needs by questioning the sincerity of his symptoms and indicating a desire to send him back to his cell after concluding her testing.  Second, he may be claiming that Nurse Conley was negligent in instructing Williams to remove his handcuffs but not his shackles.  Third, he may be claiming Officer Williams was negligent for failing to hold onto him while he was shackled and complaining of dizziness.

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need.  *Id*.  It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one.  "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).  In this case, Plaintiff contends he was suffering from severe abdominal pain and dizziness which were symptoms of internal bleeding.  This medical condition was sufficiently serious to invoke Eighth Amendment protection.  Because the condition was sufficiently serious, I must now determine whether Plaintiff alleged sufficient facts to plausibly suggest Nurse Conley exhibited deliberate indifference to Plaintiff's medical condition.

An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837); *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010).

Plaintiff did not allege facts to suggest Nurse Conley acted with deliberate indifference to his serious medical needs. While it is possible she would have sent Plaintiff back to his cell when she was finished with the medical tests, she did not have a chance to do so because Plaintiff tripped and sustained injuries requiring emergency treatment outside of the prison. It is also possible that after receiving the results of his urine test, Nurse Conley may have been persuaded that his symptoms were real and indicative of a serious medical condition. The subjective component of the Eighth Amendment requires that the Defendant act with deliberate indifference, not intend to act with deliberate indifference if given the opportunity. Plaintiff has not stated a claim for relief against Nurse Conley pertaining to her failure to recognize the severity of his medical condition.

Plaintiff may also be asserting claims against Conley and Williams for failing to recognize the danger of leaving Plaintiff shackled while he was providing a urine sample. Plaintiff does not indicate why he was in segregation, so it is difficult to determine whether there were valid security concerns inherent in Plaintiff being out of the segregation unit.

Nevertheless, regardless of security concerns, Plaintiff fails to allege facts to suggest that Conley or Williams acted with deliberate indifference, rather than negligence.  He does not give any indication that these Defendants actually realized that Plaintiff was unsteady on his feet, knew there was a substantial likelihood that he would fall with the shackles on, and deliberately disregarded the risk to Plaintiff.  At best, the allegations in the Complaint suggest that these Defendants failed to perceive the risk of falling and were negligent when they failed to take steps to abate the risk.  Negligent conduct does not rise to the level of a constitutional violation.

To the extent Plaintiff intended to assert a claim other than one arising under the Eighth Amendment, he has not done so.  Although the standard of review for *pro se* pleadings is liberal, the Complaint must give the Defendants "fair notice of what the Plaintiff's claims are and the grounds upon which they  rest."  *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  There is no other indication on the face of the Complaint of a possible claim Plaintiff may be asserting against these Defendants, aside from any claims arising under the Eighth Amendment.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleading to determine its legal viability, I conclude it fails to state a claim upon which relief may be granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Furthermore, an appeal cannot be taken in good faith.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge

8